IRVING J. GALPEER, Respondent-Appellant, v. LUCKEY, PLATT & COMPANY, Appellant-Respondent.— Plaintiff sues as assignee of a claim for goods sold and delivered and on an alleged account stated in the sum of $1,237.61. Order denying plaintiff's motion for summary judgment unanimously affirmed, with twenty dollars costs and disbursements to the defendant. Order denying defendant's motion for a change of venue from the county of New York to the county of Dutchess unanimously reversed, with twenty dollars costs and disbursements to the defendant, and the motion granted. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

ANNE McCORMACK, Appellant, v. HARRY FRANCIS McCORMACK, Respondent. — The action was instituted by plaintiff to set aside a divorce decree obtained by plaintiff in the State of Nevada on the ground that the decree was obtained through fraud and duress, for a judgment of separation, and in the event the decree is not set aside, that it be amended so as to provide for the support and maintenance of the plaintiff. Order granting defendant's motion for summary judgment, dismissing the complaint on the merits, and the judgment entered thereon, unanimously affirmed. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

In the Matter of the Application of ELSA BARTELS for a Construction of the Last Will and Testament of CHARLES BARTELS, Deceased. AMELIA BARTELS ANTONY, Trustee, Remainderman and Beneficiary, Appellant; ELSA BARTELS, Respondent.— Decree, so far as appealed from, construing paragraph fifth of the will of the above-named decedent, and awarding counsel fees and costs to the attorney for the petitioner, affirmed, with costs to the respondent payable out of the fund. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.; Glennon, J., dissents.

CONLEW, INC., Appellant, v. IRVING NASH, ANNIE NASH and SYLVIA D. NASH, Respondents, Impleaded with Another.— The complaint alleges that plaintiff recovered a judgment against defendants Irving Nash and Annie Nash on which there is now due and owing $12,614.78 and interest. That shortly after the summons and complaint in that action had been served on said defendants, Irving Nash changed the beneficiary of three policies of insurance on his life, owned and held by him, from defendant Annie Nash to defendant Sylvia D. Nash, in fraud of creditors of Irving Nash and Annie Nash, and particularly the plaintiff herein. Plaintiff seeks to set aside the change of beneficiary and to reach the proceeds of these policies. Order granting motion of defendants-respondents to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and the judgment entered thereon, dismissing the complaint on the merits, unanimously affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.